UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TODD W. RISHER | ) | CASE NO. 05-61822 |
| | ) | |
| Debtor(s) | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY L. GRAY | ) | CASE NO. 05-61842 |
| | ) | |
| Debtor(s) | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ORVILLE RAY LOCKWOOD | ) | CASE NO. 06-30005 |
| PAMELA S. LOCKWOOD | ) | |
| | ) | |
| Debtor(s) | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT A. HOBBS, JR. | ) | CASE NO. 06-30033 |
| | ) | |
| Debtor(s) | ) | |

**MEMORANDUM-OPINION**

These matters came before the Court on the Motions of the Debtors in Support of Plan Provisions Excluding Tax Refunds from Distribution under Chapter 13 Plans. Each of the Debtors, Todd Risher, Robert A. Hobbs, Gary Gray and Orville and Pamela Lockwood ("Debtors") seek to exclude tax refunds as part of any distribution to unsecured creditors in their Chapter 13 Plans. The

Chapter 13 Trustee, William W. Lawrence ("Trustee") objects to each of the Debtors' Plans that contain provisions excluding tax refunds from distribution to unsecured creditors.

## FACTS

Risher filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on November 2, 2005. Risher's Current Monthly Income as defined by 11 U.S.C. §101(10)(A) is $3,692.32. Debtor's Statement of Current Monthly Income in Calculation of Commitment Period and Disposable Income on Form B22C is a negative $1,337.27.

Hobbs filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on January 7, 2006. Hobbs' Current Monthly Income as defined by 11 U.S.C. §101(10)(A) is $4,979.40. Hobbs' Statement of Current Monthly Income in Calculation of Commitment Period and Disposable Income on Form B22C is a negative $278.60.

Gray filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on November 13, 2005. Gray's Current Monthly Income as defined by 11 U.S.C. §101(10)(A) is $2,890.00. Gray's Statement of Current Monthly Income in Calculation of Commitment Period and Disposable Income on Form B22C is a negative $1,587.15.

The Lockwoods filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on January 3, 2006. The Lockwoods' Current Monthly Income as defined by 11 U.S.C. §101(10)(A) is $3,239.00. The Lockwoods' Statement of Current Monthly Income in Calculation of Commitment Period and Disposable Income on Form B22C is not reflected in the record.

Each of the above-referenced Debtors propose to keep their tax refunds rather than commit them to the Plan for distribution to unsecured creditors. The Trustee objects to the Debtors retaining

the tax refunds as contrary to Local Rule 13.5(b) of the Rules for the United States Bankruptcy Court for the Western District of Kentucky and 11 U.S.C. §1325(b)(1)(B).

## LEGAL ANALYSIS

Local Rule 13.5(b) of the Bankruptcy Rules of Procedure for the Western District of Kentucky requires all debtors with confirmed plans that pay less than 100% to holders of unsecured claims must submit their federal and state income tax returns to the Chapter 13 Trustee for distribution to unsecured creditors. Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") this rule was consistent with Sixth Circuit authority, In re Freeman, 86 F.3d 478 (6th Cir. 1996), which determined that income tax refunds are considered "disposable income" that must be applied in making plan payments. The issue before the Court is whether tax refunds are still considered "disposable income" after the enactment of BAPCPA.

Debtors herein contend that with the enactment of BAPCPA, debtors are no longer required to submit their tax returns to the Chapter 13 Trustee for distribution to unsecured creditors and that Local Rule 13.5 is inconsistent with BAPCPA. The Trustee contends that Local Rule 13.5 is not inconsistent with BAPCPA and that tax refunds constitute disposable income and must be submitted to the Chapter 13 Trustee for distribution to unsecured creditors. For the following reasons, the Court agrees with the Chapter 13 Trustee.

Our analysis begins with §1325(b)(1)(B) which provides, that if the trustee or holder of an allowed unsecured claim objects to confirmation of a plan, then the court may not approve the plan unless, as of the effective date of the plan, "the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan." 11 U.S.C.

§1325(b)(1)(B). The key terms under this provision are "projected disposable income," "to be received" in the "applicable commitment period."

Of the three keys terms identified above, only "the applicable commitment period" is a new term under BAPCPA. This term is defined under 11 U.S.C. §1325(b)(4)(A). Under this section, the definition of the "applicable commitment period" is either 3 years or not less than 5 years depending on whether the "current monthly income" of the debtor is above or below the state's median family income for the same size household as the debtor. "Current monthly income" refers to the debtor's income from all sources, without regard to whether such income is taxable income, derived during the six calendar months preceding the filing date of the petition. 11 U.S.C. §101(10A). Debtors use Form B22C to calculate the applicable commitment period, a debtor's current monthly income, and disposable income. The current monthly income figure is annualized by multiplying the monthly average (determined by averaging the prior six months' worth of income) by 12. This resulting annualized income is then compared with the applicable median family income for comparably-sized household. If the amount of the debtor's annualized income is equal or less than the applicable median income, the applicable commitment period is three years. If the annualized income is above the applicable medium income, the applicable commitment period is five years. See, In re Beasley, 342 B.R. 280 (Bankr. C.D. Ill. 2006).

For below median debtors, "disposable income" means "current monthly income" (the six month historical average) less amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent, for a domestic support obligation, for certain charitable deductions, and if applicable, expenditures for operation of the debtor's business. 11 U.S.C. §1325(b)(2); In re McGuire, 342 B.R. 608, 611 (Bankr. W.D. Mo. 2006). Thus, for below median

4

debtors, income is calculated using a historical average. However, as to what constitutes "reasonably necessary expenses" for purposes of determining "projected disposable income" one must look to actual expenses as set forth in Schedule J, figures which are subject to the court's discretion as to reasonableness. In re McGuire, 342 B.R. at 611. This is the same way this figure was determined pre- BAPCPA.

For above median debtors, "disposable income" now means "current monthly income" (the six month historical average) less amounts reasonably necessary to be expended as determined in accordance with 11 U.S.C. §707(b)(2)(A) and (B). 11 U.S.C. §1325(b)(2) and (3). These expenses are "established by the IRS National Standards and local standards for the area in which the debtor resides." In re Grady, _____ B.R. _____, 2006 WL 1689324, quoting In re Walker, 2006 Bankr. LEXIS 845, 5 (Bankr. N.D. Ga. 2006).

Debtors contend that Local Rule 13.5 is inconsistent with BAPCPA because BAPCPA now contains a certain mathematical formula which sets forth the total amount unsecured creditors are to receive, rather than looking prospectively at a debtor's future income. As the above analysis demonstrates, the certain mathematical formula Debtors refer to is actually the formula for determining the "applicable commitment period," "current monthly income" and "disposable income." See, In re Beasley, 342 B.R. 280 (Bankr. C.D. Ill. 2006). To follow Debtors' analysis, would require the Court to ignore the words "projected" and "to be received" in the statute and violate the first rule of statutory construction of giving words their plain meaning. Lamie v. U.S. Trustee, 540 U.S. 526 (2004). Both terms clearly refer to future actions.

While the above calculations lead to a determination on the applicable commitment period, disposable income and current monthly income, they do not determine the "projected disposable

income." The "projected disposable income" for 11 U.S.C. §1325(b)(1)(B) plan payments is based on the debtor's actual anticipated income over the term of the plan and not just by a strict application of the statutory definition of "current monthly income." See, In re Hardacre, 338 B.R. 718, 723 (Bankr. N.D. Tex. 2006) (term "projected" requires analysis of a debtor's actual income and expenditures to ultimately decide the amount of the plan payments to be made); In re Jass, 340 B.R. 411 (Bankr. D. Utah 2006) and In re Kibbe, 342 B.R. 411 (Bankr. D. N.H. 2006).

The portion of the statute requiring that all "projected disposal income" must be paid to unsecured creditors, was not changed by BAPCPA. 11 U.S.C. §1325(b)(1)(B). As stated by the court in In re Kibbe,

> Had Congress intend "projected disposable income" to be synonymous with section 1325(b)(2)'s "disposable income" Congress could have deleted the word "projected" from section 1325(b)(1)(B) or defined "projected gross income," rather than only "disposable income," in section 1325(b)(2). See, In re Jass, 340 B.R. 411, 2006 WL 871235, at 4 (Bankr. D. Utah 2006). As Congress did neither, the Court must give effect to the word "projected." . . . recognizing that the term "projected disposable income" is forward-looking, the court agrees with the conclusion of In re Hardacre that "'projected disposable income' must be based upon the debtor's anticipated income during the term of the plan, not merely an average of her pre-petition income."

Kibbe, 342 B.R. at 413, citing Hardacre 338 B.R. at 722. "The significance of the word 'projected' is that it requires the Court to consider both future and historical finances of a debtor in determining compliance with §1325(b)(1)(B)." Jass, 340 B.R. at 416.

This Court agrees with this meaning of the term "projected disposable income." The numbers resulting from the calculations on Form B22C represent a starting point for the Court's inquiry. It represents a floor, not a ceiling. Such a construction gives the Court the ability to evaluate the debtor's past and current financial status to determine a debtor's disposable income

when a debtor's circumstances change from the six months preceding the filing of the petition. In re Grady, 2006 WL 1689324, 3 (Bankr. N.D. Ga. 2006). It also is consistent with the Chapter 13 practice of allowing for modification of a plan upon a change of financial circumstances of a debtor.

Since the requirement that Debtors' Plan payments include income that the debtor reasonably expects to receive during the term of the Plan remains unchanged by BAPCPA, this Court finds that the Sixth Circuit's ruling in In re Freeman, 86 F.3d 478 (6th Cir. 1996), holding that disposable income is interpreted broadly and includes tax refunds, still controls. In a recent pre- BAPCPA case, In re Schiffman, 338 B.R. 422 (Bankr. D. Ore. 2006), the court concluded that absent contrary evidence, a debtor who receives substantial tax refunds during the life of a Chapter 13 plan, is likely overwithholding. Thus, such funds should be considered as future income and must be dedicated to the plan.

Debtors herein contend that one of the category of expenses that they are allowed to deduct under 11 U.S.C. §707(b)(2)(A)(ii), is federal, state and local taxes, referencing question 30 on Form B22C. Actually, this section references a deduction for the federal, state and local taxes actually paid. Trustee is correct that taxes actually paid are not equivalent to what is withheld from a debtor's paycheck for taxes. Tax refunds represent amounts overwithheld and thus, constitute additional income. Debtors' argument that the taxes are already captured in the disposable income calculations is misplaced.

District courts and bankruptcy courts are authorized to adopt local rules and forms for the conduct of proceedings before them, so long as such rules and forms are consistent with the substantive provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. In re Schiffman, 338 B.R. 422, 426 (Bankr. D. Ore. 2006), citing Fed. R. Bankr. P. 9029 and In re

7

Sunahara, 326 B.R. 768, 782 (B.A.P. 9th Cir. 2005). Local Rule 13.5 is consistent with the Bankruptcy Code as amended by BAPCPA and those debtors proposing plans with distributions of less than 100% to unsecured creditors must submit their state and federal income tax refunds to the Chapter 13 Trustee for distribution to unsecured creditors. Accordingly, those plans that provide to the contrary are not confirmable.

## **CONCLUSION**

For all of the above reasons, the Debtors' Motions in Support of Plan Provisions Excluding Tax Refunds from Distribution under Chapter 13 Plans are **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TODD W. RISHER | ) | CASE NO. 05-61822 |
| | ) | |
| Debtor(s) | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY L. GRAY | ) | CASE NO. 05-61842 |
| | ) | |
| Debtor(s) | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ORVILLE RAY LOCKWOOD | ) | CASE NO. 06-30005 |
| PAMELA S. LOCKWOOD | ) | |
| | ) | |
| Debtor(s) | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT A. HOBBS, JR. | ) | CASE NO. 06-30033 |
| | ) | |
| Debtor(s) | ) | |

### **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Motions of the Debtors Todd Risher, Robert A. Hobbs, Gary L. Gray and Orville and Pamela Lockwood in Support of Plan

Provisions Excluding Tax Refunds from Distribution under Chapter 13 Plan, be and hereby are,

**DENIED**.